### JENKS and others *v.* SWIFT.

*(Circuit Court, N. D. New York.* November 26, 1885.)

PATENTS FOR INVENTIONS—INFRINGEMENT—LUBRICATOR.
    The second claim of letters patent No. 187,964, granted to William A. Clark, March 6, 1877, for an improvement in lubricators, in view of the prior state of the art, must be limited to a drip-tube with one side at its end cut off slanting, and located with its slanting end so near the side of the glass cylinder that the drops of condensed water will be delivered against the side of the glass, or so near it as to practically displace the oil between the end of the tube and the glass; and, when so construed, it is not infringed by defendant.

In Equity.
*Joyce & Spear* and *Neri Pine,* for complainants.
*Duell & Hey,* for defendant.

WALLACE, J.   Infringement is alleged of the second claim of the patent granted March 6, 1877, (No. 187,964,) to William A. Clark for an improvement in lubricators. The claim in controversy is as follows:

"A drip-tube, P, constructed and arranged to operate substantially as described, whereby the water from the condenser shall be delivered against or

close to the side of the glass, in order that it may be seen as it enters the oil or passes through the same."

In his preliminary statement of the nature of the invention the patentee says that "the invention consists in certain details in construction whereby it is rendered more efficient in its operation, as hereinafter more fully described." The general object of the improvement was to provide means by which to indicate to the operator of displacement lubricators the rapidity of the feed of oil. In such lubricators a reservoir of metal or glass is provided to contain the oil, which is attached to the steam-pipe of the engine in such a way that steam may be taken from the pipe, condensed, and delivered as water into the oil reservoir, and the oil, being lighter than the water, is thereby forced out of the reservoir through suitable channels, and delivered to the parts to be lubricated by suitable appliances. It is important that the operator should know how fast the oil is being fed; and the object of the invention, as of several others which preceded it, was to afford the requisite means. In the present patent the rate of feed of oil is indicated by the drops of water passing out of the drip-tube through a glass reservoir or gauge containing oil.

The prior state of the art is sufficiently disclosed by a reference to the patent to John Gates, (No. 107,478,) granted September 20, 1870, and the patent to John J. Renchard and J. Vincent Renchard, (No. 184,426,) granted November 14, 1876. The patent to Gates shows a displacement lubricator provided with a drip-tube through which drops of water pass down into a receptacle containing oil, the drops thereby forcing the oil into the parts to be lubricated. The oil is contained in part in a glass cylinder, into which the water drops through a tube and indicates the rate of feed. The principle of the apparatus is in all respects like that of the patent in suit, and it is stated in the specification that "this method of feeding admits of observing the quantity and regularity of the feed, as the water dropping into the oil and falling to the bottom may be distinctly seen through the glass." If the tube were located close to the side of the glass, and were of the shape of the tube of the present patent, the Gates device would completely anticipate the claim in controversy. As, however, the tube enters the glass cylinder as near the middle as at the side of the cylinder, if the oil is dark or thick the drops of water may not be as distinctly seen as though they were delivered from the tube close against or upon the side of the cylinder. The Renchard patent discloses apparatus similar in all respects to that of the patent, except that the tube through which the drops of water are conveyed into the glass cylinder is in the form of a siphon. The description states that "the water drops from the siphon close to the wall of the cup, and each drop of water is clearly visible as it settles down in the oil."

Without reference to other evidence bearing upon the prior state of the art, it is apparent that the claim in controversy must be limited to a drip-tube having those details of construction and arrange-

ment which are pointed out in the specification as essential to its efficacy, and which distinguish it from pre-existing devices. The specification describes the tube as one "which has one side at its end cut off slanting;" the object being "to deliver the drops of condensed water at or against the side of the gauge-glass." The only difference between the drip-tube described, and the drip-tube of the Gates and Renchard patents, which contributes to the end in view, consists in its peculiar shape, and in its proximity to the side of the gauge-glass or cylinder. Both the peculiar shape of the tube and its proximity to the side of the glass contribute to the result sought. The result could not be effected by the shape of the tube alone, if it were located as the tube is shown to be located in the patent of Gates. Neither could it be effected by the mere location of the tube, although the location selected were such that the water would drop close to the wall of the glass, as was pointed out in the patent to the Renchards. The claim must be limited to a drip-tube with one side at its end cut off slant-ing, and located with its slanting end so near the side of the glass cylinder that the drops of condensed water will be delivered against the side of the glass, or so near it as to practically displace the oil between the end of the tube and the glass. Unless this very limited construction is given to the claim, the improvement is destitute of patentable novelty. Any substantial change in the shape of the drip-tube, or in its proximity to the side of the gauge-glass, would bring it within the class of devices disclosed in the patents of Gates and of the Renchards.

Adopting this construction, it is plain that the defendant does not infringe. It is not altogether clear that his device contains a drip-tube at all; but, conceding that his horizontal channel is substantially a drip-tube, it is not such a one as is covered by the claim. It is doubtful whether the end is located in such proximity to the glass as to distinguish it from the drip-tube of the Gates or of the Renchard patent. Its end is not cut off slanting, but is cut off square, like the end of the tubes in the Gates and Renchard patents. There is no room, in a case like this, to apply the doctrine of equivalents.

The defendant's device differs so much in details of construction from any drip-tube shown in the earlier patents, or in the complainants' patent, that it may fairly be deemed a patentable improvement. Such seems to have been the opinion of the patent-office, as is evidenced by the patent granted to defendant, July 1, 1884. The bill is dismissed, with costs.